FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2003 MAR 27 P 1: 28

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

| | |
|---|---|
| MARTIN DAWKINS, CHARLES WATSON, GREGORY NUGENT, on behalf of themselves and on behalf of all employees past and present of the Defendant who are similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARONDA HOMES, INC. OF FLORIDA, a Florida corporation,<br><br>Defendant. | Case No.:<br><br>3:03-cv-252-J-25TEM |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiffs, **MARTIN DAWKINS, CHARLES WATSON,** and **GREGORY NUGENT**, on behalf of themselves and on behalf of all employees past and present of the Defendant who are similarly situated, and allege:

### Jurisdiction

1. Jurisdiction of this action is conferred on this Court by 29 U.S.C. 216(b), a section of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. 201, et seq, ("the Act"). Therefore, the action is a federal cause of action over which district courts have original jurisdiction, pursuant to 28 U.S.C. 1331.

## Parties

2. Plaintiff, **MARTIN DAWKINS**, hereinafter referred to as "**DAWKINS**", was employed as a plumber by the Defendant for a time within the three year period immediately prior to the filing of this action.

3. Plaintiff, **CHARLES WATSON**, hereinafter referred to as "**WATSON**", was employed as a plumber's helper by the Defendant for a time within the three year period immediately prior to the filing of this action.

4. Plaintiff, **GREGORY NUGENT**, hereinafter referred to as "**NUGENT**", was employed as a plumber's helper by the Defendant for a time within the three year period immediately prior to the filing of this action.

5. Defendant, **MORONDA HOMES OF FLORIDA, INC.**, a Florida corporation, "Defendant", was at all relevant times individually doing business in Jacksonville, Duval County, Florida.

6. At all times relevant, **DAWKINS** engaged in interstate commerce while working for Defendant.

7. At all times relevant, **WATSON** engaged in interstate commerce while working for Defendant.

8. At all times relevant, **NUGENT** engaged in interstate commerce while working for Defendant.

9. At all times relevant, Defendant had employees engaged in interstate commerce or in handling, receiving or otherwise working on goods or materials that have been moved in or produced for commerce and had an annual gross volume of sales made or business done of not less

than $500,000 (exclusive of excise taxes at the retail level), thus constituting an enterprise engaged in commerce, within the meaning of 29 U.S.C. 203(s)(1).

10. At all times relevant, employees similarly situated to **DAWKINS, WATSON,** and/or **NUGENT** engaged in interstate commerce while working for Defendant.

11. At all times relevant, Defendant was the direct employer or was in substance one with the direct employer or were otherwise employer of **DAWKINS** within the meaning of 29 U.S.C. 203.

12. At all times relevant, Defendant was the direct employer or was in substance one with the direct employer or were otherwise employer of **WATSON** within the meaning of 29 U.S.C. 203.

13. At all times relevant, Defendant was the direct employer or was in substance one with the direct employer or were otherwise employer of **NUGENT** within the meaning of 29 U.S.C. 203.

14. At all times relevant, Defendant was the direct employer or was in substance one with the direct employer or was otherwise employer within the meaning of 29 U.S.C. 203 of other employees similarly situated to **DAWKINS, WATSON,** and/or **NUGENT.**

## COUNT I

15. During the period of time Defendant employed **DAWKINS**, Defendant suffered or permitted him to work in its enterprise for workweeks longer than 40 hours a week and failed to pay him wages at a rate of at least one and one-half times the regular rate at which he was employed, contrary to the requirements of 29 U.S.C. 207.

16. During the period of time Defendant employed **WATSON**, Defendant suffered or permitted him to work in its enterprise for workweeks longer than 40 hours a week and failed to pay

him wages at a rate of at least one and one-half times the regular rate at which he was employed, contrary to the requirements of 29 U.S.C. 207.

17. During the period of time Defendant employed **NUGENT**, Defendant suffered or permitted him to work in its enterprise for workweeks longer than 40 hours a week and failed to pay him wages at a rate of at least one and one-half times the regular rate at which he was employed, contrary to the requirements of 29 U.S.C. 207.

18. During the 3-year time period immediately preceding the filing of this action, Defendant required other employees similarly situated to **DAWKINS, WATSON,** and **NUGENT** to work in their enterprise for work-weeks longer than 40 hours a week and failed to pay them wages at a rate of at least one and one-half times the regular rate at which they were employed, contrary to the requirements of 29 U.S.C. 207.

19. The failure of the Defendant to pay overtime wages to all Plaintiffs named and unnamed, pursuant to the requirements of 29 U.S.C. 207 was wilful.

20. As a result of the underpayment of wages as alleged above, Defendant is indebted to **DAWKINS** for back wages.

21. As a result of the underpayment of wages as alleged above, Defendant is indebted to **WATSON** for back wages.

22. As a result of the underpayment of wages as alleged above, Defendant is indebted to **NUGENT** for back wages.

23. As a result of the underpayment of wages as alleged above, Defendant is indebted to others similarly situated to **DAWKINS, WATSON,** and **NUGENT** for back wages.

24.   **DAWKINS, WATSON,** and **NUGENT** are obligated to pay the undersigned attorney a reasonable fee for his services.  Defendant should be required to pay that fee pursuant to the provisions of 29 U.S.C. 216(b), as well as the fees for any additional plaintiffs which may opt into this action.

**WHEREFORE**, Plaintiffs request trial by jury on all issues so triable and judgment against Defendant for damages, together with costs of suit and reasonable attorney fees, and such other and further relief as the Court may deem proper.

ARTHUR G. SARTORIUS, III, P.A.

_____
**ARTHUR G. SARTORIUS, III, ESQUIRE**
FL Bar No.: 355021
1919 Atlantic Boulevard
Jacksonville, FL 32207
(904) 398-8388

**ATTORNEY FOR PLAINTIFFS**